UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LYANI SENA-BROWN,<br><br>Defendant | Criminal No. 26cr10108<br><br>Violations:<br><br>████████████████████████<br>███████████<br><br>Counts Two-Three: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.    Defendant LYANI SENA-BROWN was a resident of Dorchester, Massachusetts.

2.    ███████████████████████████████████████████████████

The Paycheck Protection Program

3.    The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

4.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering the

1

economic effects of the COVID-19 pandemic. The CARES Act also provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The PPP offered forgivable loans to small businesses affected by the COVID-19 pandemic. The loan proceeds could be used for payroll and certain other business expenses.

5.    In order to obtain a PPP loan, a qualifying business was required to submit a loan application signed by an authorized representative of the business acknowledging the program rules and making certain affirmative certifications, including details about the business and documents to verify its income. PPP loan applications were processed by participating lenders.

6.    Because the PPP was an emergency program designed to provide funds to small businesses as quickly as possible, participating lenders were allowed to rely on applicants' certifications without verifying the accuracy of information the applicants represented to be true.

7.    If a PPP loan application was approved, the participating lender funded the PPP loan using its own money, but the loan was guaranteed by the SBA. Data from the application, including information about the borrower and its income, was transmitted by the lender to the SBA in the course of processing the loan.

8.    After obtaining the loan proceeds, the borrower could apply for forgiveness of the loan if they met certain requirements. If the loan was forgiven, the SBA repaid the lender the full amount of the loan plus any accrued interest.

9.    A private financial services company referred to herein as "Lender One." which was based in Florida, participated in the PPP program as a lender.

10.    A private financial services company referred to herein as "Lender Two," which was based in Florida, participated in the PPP program as a lender.



11.     SENA-BROWN applied to the Lender for two PPP loans for a non-existent business purportedly owned by SENA-BROWN.

12.     Unaware that SENA-BROWN did not own a business, the SBA guaranteed the loans, the Lender issued them, and the SBA forgave them.

13.

14.

15.

***The First PPP Loan***

16.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████

17.     On or about April 14, 2021, SENA-BROWN submitted an application for a $20,416 PPP loan to Lender One. The application falsely represented that SENA-BROWN was the sole proprietor of a beauty salon that had received $98,000 in gross income in 2019. In fact, SENA-BROWN did not own a beauty salon.

18.     ███████████████████████████████████████████████████ SENA-BROWN signed the application electronically.

19.     The application was supported by a fabricated tax form Schedule C ███████████ ████████████

20.     SENA-BROWN falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

21.     Unaware that SENA-BROWN did not own a business, Lender One asked the SBA to guarantee the loan if SENA-BROWN later applied for loan forgiveness.

22.     Unaware that SENA-BROWN did not own a business, the SBA agreed to guarantee the loan. SENA-BROWN's false certification that she actually owned a business was material to the SBA's decision.

23.     On or about April 28, 2021, SENA-BROWN's account no. -2383 at JPMorgan Chase in Massachusetts received an ACH electronic transfer of approximately $20,416 from Lender One's account at Capital One. The transfer was processed through Capital One's server in Virginia.

24.     ███████████████████████████████████████████████████████ ██████████████████████████████████

25.    On or about October 9, 2021, SENA-BROWN submitted a loan forgiveness application to Lender One. ████████████████████████████████ ████████ SENA-BROWN signed the application electronically.

26.    The forgiveness application falsely represented that SENA-BROWN had spent $17,416 of the loan proceeds on payroll for her non-existent beauty salon. SENA-BROWN falsely certified that "[t]he information provided in this application is true and correct in all material respects."

27.    ████████████████████████████████████████████████ ████████████████████████████

28.    Unaware that SENA-BROWN did not own a business, Lender One reported the information on SENA-BROWN's forgiveness application to the SBA.

29.    Unaware that SENA-BROWN did not own a business, the SBA granted SENA-BROWN's forgiveness application on or about October 14, 2021. The false information on SENA-BROWN's application relayed to the SBA by the Lender was material to the SBA's decision.

30.    On or about October 14, 2021, the SBA repaid the Lender approximately $20,416 for the principal on SENA-BROWN's loan plus approximately $96.41 in accrued interest.

### The Second PPP Loan

31.    ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████

32.    On or about April 17, 2021, SENA-BROWN submitted an application for a $20,416 PPP loan to Lender Two. Like SENA-BROWN's application for her first PPP loan, her application for a second PPP loan falsely represented that SENA-BROWN was the sole proprietor of a beauty

5

salon that had received $98,000 in gross income in 2019.

33. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SENA-BROWN signed the application electronically.

34. The application for the Second PPP Loan was supported by the same fabricated Schedule C that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SENA-BROWN had submitted, in support of her application for her first PPP loan.

35. SENA-BROWN falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

36. Unaware that SENA-BROWN did not own a business, Lender Two asked the SBA to guarantee the second loan if SENA-BROWN later applied for loan forgiveness.

37. Unaware that SENA-BROWN did not own a business, the SBA agreed to guarantee her second loan. SENA-BROWN's false certification that she actually owned a business was material to the SBA's decision.

38. On or about June 1, 2021, SENA-BROWN's account no. -2383 at JPMorgan Chase in Massachusetts received an electronic transfer of approximately $20,416 from Lender Two's account at Professional Bank in Florida. The transfer was processed through Professional Bank's server in Kentucky.

39. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

40. On or about October 9, 2021, SENA-BROWN submitted a loan forgiveness application to Lender Two. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SENA-BROWN signed the application electronically.

41. SENA-BROWN falsely represented in her forgiveness application that she had spent $18,416 of her second PPP loan proceeds on payroll for her non-existent beauty salon. SENA-BROWN falsely certified that "[t]he information provided in this application is true and correct in all material respects."

42. Unaware that SENA-BROWN did not own a business, Lender Two reported the information on SENA-BROWN's forgiveness application to the SBA.

43. Unaware that SENA-BROWN did not own a business, the SBA granted SENA-BROWN's forgiveness application on or about December 8, 2021. The false information on SENA-BROWN's application relayed to the SBA by Lender Two was material to the SBA's decision.

44. On or about December 8, 2021, the SBA repaid Lender Two approximately $20,416 for the principal on SENA-BROWN's second PPP loan plus approximately $109.63 in accrued interest.



## COUNTS TWO - THREE
### Wire Fraud
### (18 U.S.C. § 1343)

The United States Attorney charges:

47.    The United States Attorney re-alleges and incorporates by reference paragraphs 1-44 of this Information.

48.    On or about the dates below, in the District of Massachusetts, and elsewhere, the defendant,

### LYANI SENA-BROWN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Date | Description |
|-------|------|-------------|
| 2 | 4/28/2021 | Approximately $20,416 received in SENA-BROWN's account no. -2383 at JPMorgan Chase Bank in Massachusetts via electronic transfer from Lender One's account at Capital One, which was processed through Capital One's server in Virginia |
| 3 | 6/1/2021 | Approximately $20,416 received in SENA-BROWN's account no. -2383 at JPMorgan Chase Bank in Massachusetts via electronic transfer from Lender Two's account at Professional Bank in Florida, which was processed through Professional Bank's server in Kentucky |

All in violation of Title 18, United State Code, Section 1343.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1.       Upon conviction ████████████████████████████████████ ████████████████████████████████████████, the defendant,

LYANI SENA-BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

a.   $41,038.04, to be entered in the form of a forfeiture money judgment.

2.       If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

10

LEAH B. FOLEY
UNITED STATES ATTORNEY


By:    /s/ Christine Wichers
       CHRISTINE WICHERS
       Assistant U.S. Attorney


Date: April 13, 2026