# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. |
| v. | ) ) | |
| LYANI SENA-BROWN, | ) ) | |
| Defendant | ) | |

<u>DEFERRED PROSECUTION AGREEMENT</u>

This Deferred Prosecution Agreement (the "Agreement") is made between the United States Attorney's Office for the District of Massachusetts (the "USAO") and the defendant, Lyani Sena-Brown ("Sena-Brown").

<u>Information and Waiver of Indictment</u>

1. Sena-Brown acknowledges and agrees that the USAO will file the three-count criminal Information attached hereto as Exhibit A (the "Information") in the United States District Court for the District of Massachusetts charging Sena-Brown with ███████ ████████████████████████████████████████████ two counts of Wire Fraud, in violation of 18 U.S.C. § 1343. In so doing, Sena-Brown knowingly waives her right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, 18 U.S.C. § 3161, and Federal Rule of Criminal Procedure 48(b).

<u>Term of the Agreement</u>

2. The term of this Agreement (the "Term") shall begin on the date the Information is filed with the Court. Except for Sena-Brown's obligation to pay restitution pursuant to

1

Paragraph 5 herein, which will continue until the agreed-upon restitution amount is paid in full, the Term shall end on the earlier of:



s.

<u>Acceptance of Responsibility</u>

3.      Sena-Brown acknowledges that the USAO has independently developed evidence during its investigation sufficient to establish beyond a reasonable doubt that Sena-Brown violated federal law as described in the attached Statement of Facts and the Information, and she accepts responsibility for this conduct. Should the USAO pursue the prosecution that is deferred by this Agreement, Sena-Brown stipulates to the admissibility of the Statement of Facts in any proceeding, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the attached Statement of Facts at any such proceeding.

4.

2

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████

████████████████

### Restitution

5.      Sena-Brown agrees to repay the Small Business Administration ("SBA")

$41,038.04, which is the total of all principal and accrued interest assumed by the SBA when it

forgave Sena-Brown's two Payroll Protection Program loans, as described in the Information,

plus a $405 filing fee related to the filing of the civil Complaint and Consent Judgment,

described in this paragraph (together, the "Restitution"). Sena-Brown acknowledges and agrees

that upon the Court's approval of this Agreement, the USAO shall file the civil Complaint

attached hereto as Exhibit C and the Consent Judgment attached hereto as Exhibit D in the

amount of the Restitution (the "Consent Judgment"). Payment of the Restitution and

enforcement of the Consent Judgment shall be pursuant to the terms set forth in the Consent

Judgment. ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

3

Deferral of Prosecution

6.

7.

8.      This Agreement does not protect Sena-Brown from prosecution for any crimes except those arising out of the conduct described in the Information and the Statement of Facts. This Agreement does not apply to any individual other than Sena-Brown.

9.      Sena-Brown's obligations under Paragraph 5 herein and the Consent Judgment are contractual and will remain in effect even if the USAO dismisses the Information.

10.     The USAO and Sena-Brown understand that the Court must approve the deferral of prosecution set out and agreed to in this Agreement in accordance with 18 U.S.C. § 3161(h)(2). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Tolling of Statutes of Limitations

11.     Should the Court decline to approve the deferral in accordance with 18 U.S.C. § 3161(h)(2), Sena-Brown agrees that all applicable statutes of limitation governing the federal

4

criminal violations charged in the Information or for which she could have been charged as of the date of the USAO's execution of this Agreement based on the allegations that form the basis for the Information or are related to the Statement of Facts ("Chargeable Offenses") will be tolled from the date of the USAO's execution of this Agreement through the date when the Court declines to approve the deferral. If the Court approves the deferral, Sena-Brown agrees that all applicable statutes of limitation governing Chargeable Offenses will be tolled from the date of the Court's approval through the date this Agreement is terminated. Sena-Brown agrees that the period of time during which any applicable statutes of limitation are tolled in accordance with this paragraph may not be relied on by Sena-Brown in asserting any legal, equitable, or constitutional right she may have to a speedy trial pursuant to the Fifth or Sixth Amendments to the United States Constitution, 18 U.S.C. § 3161, any applicable local rule of the United States District Court for the District of Massachusetts, or any other legal or equitable principle.

<u>Breach of the Agreement</u>

12. ████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████

13. ██████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

████████████████████████

14.    Sena-Brown agrees that, if the USAO ████████████████████

████████████████    decides to pursue prosecution:

    a.  All statements made by Sena-Brown to the USAO or the Court, including the Statement of Facts, whether made before or after the date on which the Information is filed with the Court, shall be admissible in evidence in any and all criminal proceedings brought by the USAO against Sena-Brown;

    b.  Sena-Brown will not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such statements or testimony should be suppressed or otherwise are inadmissible;

    c.  Sena-Brown will not assert that the conduct set forth in the Statement of Facts fails to provide a sufficient factual or legal basis to support the charges set forth in the Information; and

    d.  Sena-Brown will not assert any factual or legal challenge to her liability for the crimes charged in the Information; provided, however, that Sena-Brown will retain the right to claim that her lawyer rendered ineffective assistance of counsel, or that the Assistant U.S. Attorney engaged in prosecutorial misconduct.

15.    ███████████████████████████████████

████████████████████████████████████████████



### Agreement Binding Only on Sena-Brown and USAO

16.     This Agreement is binding only on Sena-Brown and the USAO, and does not bind any other component of the U.S. Department of Justice, any federal agency, or any state or local law enforcement or administrative authority. Further, the waivers and other agreements made by Sena-Brown herein shall not be binding on Sena-Brown in any civil or criminal proceeding initiated by any person or entity other than the USAO.

17.

### Miscellaneous

18.     This Agreement, including all exhibits, constitutes the entire agreement between the parties, and supersedes all prior agreements or understandings, both oral and written, with respect to the subject matter hereof and the disposition of this case. No promises, representations, or agreements have been made other than those set forth in this Agreement.

19.     This Agreement may be modified or supplemented only in a written memorandum signed by the parties or by express agreement of the parties on the record in court.

### Advice of Counsel

20.     Sena-Brown acknowledges the following: she has read and understands the terms and provisions of this Agreement; she has had a full and complete opportunity to consult with

legal counsel and to ask any questions about the terms and provisions of this Agreement; she fully understands the nature of the crimes alleged against her in the Information, the maximum penalties and Sentencing Guidelines provisions applicable to the offenses, and the penalties potentially applicable to her; she has discussed with counsel the charges against her, possible defenses she might have, and whether she should go to trial; her agreements and waivers stated herein are knowing and voluntary and are made with the advice of counsel; and she is satisfied with the legal representation provided by her legal counsel.

SO AGREED.

LEAH B. FOLEY
United States Attorney

By:

DUSTIN CHAO
Chief, Public Corruption Unit

CHRISTINE WICHERS
Assistant United States Attorney

Date: 2/12/26

8

# ACKNOWLEDGMENT OF DEFERRED PROSECUTION AGREEMENT

I have read the Deferred Prosecution Agreement, including the attached Statement of Agreed Facts, in its entirety and discussed it with my attorneys. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations concerning the disposition of this case have been made to me by any official of the United States. I acknowledge that the terms and provisions of this Agreement have been fully explained to me, including, without limitation: the legal, equitable and constitutional rights I am waiving under this Agreement; that I have had a full and complete opportunity to consult with legal counsel and to ask any questions about the terms and provisions of this Agreement; that I fully understand the terms and provisions of this Agreement; that my agreements and waivers stated herein are knowing and voluntary and are made with the advice of counsel; and that I am satisfied with the legal representation provided by my legal counsel. I am entering into this Agreement freely, voluntarily, and knowingly.

LYANI SENA-BROWN
Defendant

Date: 4 7 26

I certify that Lyani Sena-Brown has read this Deferred Prosecution Agreement, including the attached Statement of Agreed Facts, and that I have discussed its meaning with her. I believe she understands the Agreement and is entering into it freely, voluntarily, and knowingly.

AVIVA JERUCHIM
Attorney for Defendant

Date: 4-10-2026

9

## Statement of Facts

1.     In April through December 2021, LYANI SENA-BROWN lived in Dorchester, Massachusetts. She did not own a beauty salon or any other business.

2.     LYANI SENA-BROWN did not file a Schedule C with her 2019 tax return.

*The First Loan*

3.

4.     On or about April 14, 2021, SENA-BROWN electronically signed and initialed an application for a loan for a non-existent business. The application included SENA-BROWN's personal identifying information, including her social security number and date of birth, █████ ████████████████████████████ .

5.     On or about April 28, 2021, $20,416 in loan proceeds was deposited into SENA-BROWN's JPMorgan Chase account number ending in -2383. SENA-BROWN knew she was not entitled to the money.

6.     ██████████████████████████████████████

7.     ██████████████████████████████████████

8.     Using the loan proceeds, SENA-BROWN wrote weekly $1,600 checks to herself with "payroll for week [date]" on the memo line to make it appear she was using the money for a business. ████████████████████████

*The Second Loan*

9.

10.    On or about April 17, 2021, SENA-BROWN electronically signed and initialed another application for a loan for a non-existent business. The application again included SENA-BROWN's personal identifying information, including her social security number and date of birth, ████████████████████ .

11.    On or about June 1, 2021, another $20,416 in loan proceeds was deposited into SENA-BROWN's JPMorgan Chase account number ending in -2383. SENA-BROWN knew she was not entitled to the money.

1

12.

13.

*Both Loans Were Forgiven*

14.

15.    On or about December 12, 2021, SENA-BROWN texted, "Are both my looks [sic] forgiven?"

16.    Both of SENA-BROWN's loans were forgiven. SENA-BROWN never repaid any portion her loans, including interest. SENA-BROWN spent all the loan proceeds on personal expenses unrelated to any business.

2